**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

Case No. 3:18-cv-168-CRS    ELECTRONICALLY FILED

JORIAN STIGALL    PLAINTIFF

v.    **MEMORANDUM IN SUPPORT OF
PLAINTIFF'S RESPONSE MOTION FOR DENIAL TO DEFENDANTS'
MOTION TO DISMISS FILED BY
LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT AND OFFICER JOHN GREEN**

LOUISVILLE JEFFERSON COUNTY
METRO GOVERNMENT, ET AL.,    DEFENDANTS

---

Come Plaintiff, Jorian Stigall, by counsel, and submit the following Memorandum in Support of her Denial of Defendants' Motion to Dismiss Filed By Louisville Jefferson County Metro Government and Officer John Green states as follows:

**INTRODUCTION**

This action arises out of a number of Violations of Civil Rights under Title 42 of the United States Code Annotated (U.S.C.A.) § 1983 and under the Fourth (4th) and Fourteenth (14th) Amendments to the United States Constitution; Malicious Prosecution under 42 U.S.C.A. § 1983; monell-related claims under 42 U.S.C.A. § 1983; and False Imprisonment; Intentional Infliction of Emotional Distress, and Malicious Prosecution under supplemental jurisdiction, 28 U.S.C.A. § 1367(a). (DN 1 — Complaint, ¶¶ 9). This case involves a claim that Defendants, John Green and Mary King, police officers of the

Defendant, Louisville Jefferson County Metro Government, unlawfully charged, restrained and arrested Plaintiff for allegedly violating Kentucky Revised Statutes (KRS) 508.020, Assault—2nd Degree.

In 2017, Defendants Green and King, police officers of the Defendant, Louisville-Jefferson County Metro Government, conducted a criminal investigation that involved a fight that allegedly occurred at the resident of the Plaintiff. Defendants, Green and King, further allege that the Plaintiff became confrontational with the victim of the alleged said fight, and the Plaintiff along with at least five different women at once assaulted the victim's sister. As the alleged victim jumped into the said fight, she was allegedly attacked by the Plaintiff and others, and was stomped, thus causing the alleged victim injury to her leg that required surgery. Plaintiff was wrongfully arrested for assaulting the victim. The arrest resulted from the actions of overzealous, untrained, and unsupervised police officers.

The Defendants' illegal actions were the moving force in the resulting arrest, incarceration, criminal prosecution, and embarrassment of the Plaintiff. Plaintiff suffered loss of society, friendship, business relations, hobbies and earnings, enduring great mental pain and suffering due to the Defendants' conduct and her resulting incarceration and wrongful prosecution.

The Complaint in this action was originally filed March 18, 2018. The Defendants, Louisville/Jefferson County Metro Government and Officer John Green, filed a motion pursuant to Federal Civil Rule of Procedure 12(b)(6) to the above-styled action against them for failure to state a claim for which relief can be granted. In their

Memorandum of Law in support of the said motion, two (2) separate arguments are made: (I) Plaintiff's Complaint should be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted and (II) The Plaintiff's Complaint is Barred By The Doctrine Of Collateral Estoppel.  The plaintiff will respond to those arguments in the order argued by these defendants.

## ARGUMENT

The Defendants, Louisville/Jefferson County Metro Government and Officer John Green, have moved the Court to dismiss the Complaint against them for failure to state a claim. This motion is made under Federal Civil Rule of Procedure 12(b)6). Motions to dismiss, pursuant to the said rule, should be granted only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. (*Minger v. Green,* 239 F.3d 793 (6th Cir., 2001) (*Goad v. Mitchell,* 297 F.3d 497 (6th Cir., 2002).  All factual allegations of a Complaint are considered to be true and if an allegation is capable of several inferences, the allegation must be construed in a light most favorable for the plaintiff. (*Mayer v. Mylod,* 988 F.2d 635 (6th Cir., 1993).  Federal Rule of Civil Procedure 8(f) states that: (A) "All pleadings shall be so construed as to do justice.".   This rule directs Courts to construe pleading liberally within the standards of the notice-pleading scheme mandated by the Federal Rules of Civil Procedure. (*Minger, supra,* at p. 799).   "The fundamental tenor of the Rules is one of liberality rather than technicality, and it creates an important context within which cases are decided under the modern Federal Rules of Civil Procedure." (*Miller v. American Heavy Lift Shipping,* 231 F.3d 242 (6th Cir., 2000).  The Federal Rules of Civil Procedure, therefore, require that

the Court not rely solely on labels in a Complaint but that the Court probe deeper and examine the substance of the Complaint. (*Minger, supra,* at p. 799). The label which the plaintiff applies to a pleading does not determine the nature of the cause of action which he states. (*United States v. Louisville & Nashville R.Co.,* 221 F.2d 698 (6th Cir., 1955).

**(I) <u>Plaintiff's Complaint States Claims Upon Which Relief Can Be Granted</u>**

The said Defendants argue that Plaintiff's Complaint should be dismissed for failing to properly state a claim against the said Defendants, because the allegations contained in the Complaint are mere conclusions and/or recitations of the elements of the cause of action. (DN 4-1 — Deft's Memorandum, p. 3).

To establish a claim under 42 U.S.C. Section 1983, a plaintiff must show that they were deprived of rights guaranteed under the United States Constitution or federal law by a person acting "under color of state law." *See* 42 U.S.C. §1983. In *United States v. Classic,* 313 U.S. 299, 326 (1941) the Supreme Court stated the general definition of action taken "under color of state law:".    Also, "to establish liability in a § 1983 action, a claimant must show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham,* 473 U.S. 159 (1985). Notice that Plaintiff alleged exactly this in her Complaint.

More specifically, Plaintiff plea that the Defendants, Green and King, on or about March 23, 2017, acting under color of the laws, statutes, ordinances, regulations, customs and/or usages of the Commonwealth of Kentucky and the City of Louisville-Metro, Jefferson County, Kentucky, unlawfully charged Plaintiff, for violating KRS 508.020, Assault—2nd Degree. (DN 1 — Complaint, ¶¶ 6).   Plaintiff further alleged that this is an

action for damages against the aforesaid Defendants for the violation of Plaintiff's Constitutional rights by Defendant Green and King, acting under color of state law, to wit, the statutes, ordinances, regulations, customs and/or usages of the Commonwealth of Kentucky and/or the City of Louisville-Metro Jefferson County, Kentucky, to deprive Plaintiff of rights, privileges and immunities secured to her as a citizen of the United States, by the Constitution and laws of the United States to be free from illegal restraint or seizure, assault and battery, unlawful imprisonment, malicious prosecution, and denial of due process. (DN 1 — Complaint, ¶¶ 1)

      As unambiguously set forth in Plaintiff's Complaint, said Defendants used their position and powers as police officers that were grated by state law to carry out this tortious action against the Plaintiff thereby depriving her of her constitutional rights provided by the United State Constitution and Kentucky Constitution to have:

      (a)    freedom from illegal search and seizure of her person;

      (b)    freedom from illegal detention;

      (c)    freedom from humiliation and intimidation;

      (d)    the enjoyment of life, liberty and property and freedom from its deprivation without due process of the law;

      (e)    equal protection of the law;

      (f)    freedom from invasion of privacy.

(DN 1 — Complaint, ¶¶ 8 and 9).

      Defendants seem to have simply ignored the well-pleaded complaint where Plaintiff specifically states that she was falsely and improperly arrested and prosecuted in

violation of Plaintiff's Constitutional rights, under 42 U.S.C.A. § 1983, and the Fourth (4th) and Fourteenth (14th) Amendments to the United States Constitution. (DN 1 — Complaint, ¶¶ 7, 8 and 9).

Where Plaintiff alleged in her Complaint that, on March 23, 2017, Plaintiff and her roommate were called by the Defendants, Green and King for a meeting. The Plaintiff agreed to meet the said Defendants at her resident and then further agreed to travel to the police station for further questioning. The Defendants, Green and King, badgered and tormented the Plaintiff during the entire investigation. When the said Defendants were not satisfied with the answers of the Plaintiff, they concluded in a conscious and voluntary disregard of the Plaintiff's Constitutional rights that the Plaintiff was involved in a physical altercation with a person, where the Plaintiff and along with several other suspects jumped the person whom was the sister of the alleged victim in which the Defendants assert that the Plaintiff assaulted. (DN 1 — Complaint, ¶¶ 13).

Where, Plaintiff further alleged in her Complaint that she is innocent of any crimes, as the record shows that the Jefferson County Grand Jury found No True Bill and that Plaintiff has not stipulated probable cause, therefore all charges were dismissed in favor of the Plaintiff. (DN 1 — Complaint, ¶¶ 22). And that Defendants, Green and King, acting in their official capacity and within the scope of their employment as police officers and carried out under the color of law an unlawful arrest and search of the Plaintiff's person and conduct that was intentional, malicious and /or deceptive such as introducing evidence in which they knew were not true in an effort to

influence the prosecution of the Plaintiff to continue covering up their willful disrespect and disregard of the Constitutional rights of the plaintiff. (DN 1 — Complaint, ¶¶ 27).

Moreover, the Complaint filed herein under paragraph 42 to 46 alleges that this action arises under the Fourth (4th) and Fourteenth (14th) Amendments Violations Under 42 U.S.C.A. Section 1983. Notice that paragraph 42 and other paragraphs within the Complaint states "Plaintiff re-alleges and incorporates by reference each of the allegations contained in paragraphs . . . of this Complaint" (DN 1 — Complaint, ¶¶ 42).

Again, as stated above, the Federal Rules of Civil Procedure require that the Court not rely solely on labels in a Complaint but that the Court probe deeper and examine the substance of the Complaint. (*Minger, supra,* at p. 799). Here, Plaintiff asserts in the Complaint a Federal False Arrest claim against the Defendants. A "false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010). In order to prevail on a false-arrest claim, Plaintiffs are required to prove by a preponderance of the evidence that the arresting officer or investigator knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood and such statements or omissions were material, or necessary, to the finding of probable cause. *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010). Here the Plaintiff also asserts in the Complaint that she was falsely and improperly arrested and prosecuted in violation of Plaintiff's Constitutional rights, under 42 U.S.C.A. § 1983, and the Fourth (4th) and Fourteenth (14th) Amendments to the United States Constitution. (DN 1 — Complaint, ¶¶ 7, 8 and 9), and that on March 23, 2017, Plaintiff

and her roommate were called by the Defendants, Green and King for a meeting. The Plaintiff agreed to meet the said Defendants at her resident and then further agreed to travel to the police station for further questioning. The Defendants, Green and King, badgered and tormented the Plaintiff during the entire investigation. When the said Defendants were not satisfied with the answers of the Plaintiff, they concluded in a conscious and voluntary disregard of the Plaintiff's Constitutional rights that the Plaintiff was involved in a physical altercation with a person, where the Plaintiff and along with several other suspects jumped the person whom was the sister of the alleged victim in which the Defendants assert that the Plaintiff assaulted. (DN 1 — Complaint, ¶¶ 13). The Plaintiff further alleges that "Defendants Green and King formed and/or participated in a conspiracy to deprive Plaintiff of her civil rights by seeking to have Plaintiff falsely accused and prosecuted by both the Jefferson County Attorney's Office and Commonwealth Attorney's Office for violating KRS 508.020, Assault—2nd Degree". (DN 1 — Complaint, ¶¶ 12).

The crux of her claim is that the arresting officers, Defendants Green and King, unlawfully, knowingly and maliciously arrested the Plaintiff and filed an Arrest Complaint based on false or materially incomplete information about Plaintiff, of a character that could be expected to stimulate her arrest as a lawful arrest, and procured a criminal prosecution against Plaintiff on knowingly false charges, thus, at the least, forming and/or participating in a conspiracy to deprive Plaintiff of her Federal and State Constitutional civil rights.

Although Defendant, Louisville-Jefferson County Metro Government may be entitled to governmental immunity, its officers and employees are not necessarily or automatically similarly cloaked. Plaintiff has named the officers in their official and individual capacities. Defendants argue that, pursuant to *Cady v. Arenac County*, 574 F. 3d 334 (6th Cir. 2009), the claims against the officers in their official are, in all respects other than name, to be treated as a suit against the entity. (DN 4-1 — Deft's Memorandum, p. 7).

Nonetheless, in light of the plaintiff in *Cady* naming the officer in his or her official and individual capacities in the complaint, the *Cady* court still analyzed the claims against the officer and county separately. The *Cody* court stated that "claims against County Prosecutor Broughton and against Arenac County should be analyzed separately for the sake of clarity." *Id*. at 574 F.3d 334, 342.

Here the Plaintiff's claims are also against officers and the County, thus the Plaintiff's claims should be analyzed separately. Furthermore, "no immunity is afforded for the negligent performance or omissions of a ministerial act, or if the officer or employee willfully or maliciously intended to harm the plaintiff or acted with a corrupt motive" *Louisville Metro Department of Corrections v. Tomlinson*, 2014-CA-001096-MR, 2016 WL 1178569, at 2 (Ky. App. Mar. 25, 2016).

Therefore the Plaintiff's Complaint supports her claim of Fourth Amendment False Arrest as it applies the Defendants via the Fourteenth (14th) Amendment and as to the Plaintiff in this civil rights lawsuit arising under 42 U.S.C. § 1983, in which she

claims that her arrest and subsequent incarceration violated her federal and state constitutional rights to be free from arrest and detention without probable cause.

## II. **Plaintiff's Complaint Is Not Barred By the Doctrine Of Collateral Estoppel**

Defendant argues that, pursuant to *Donovan v. Thames*, 105 F.3d 291 (6th Cir. 1997), Plaintiff's claims against Officer Green are barred by the doctrine of collateral estoppel. However, in *Donovan* the court stated that "the Kentucky Supreme Court has made clear that the application of preclusion must be 'based on rules of justice and fairness' rather than 'an automatic imposition of a doctrine.'" *Id*. at 295. Furthermore, the rule in *Donovan* applied to a convicted in a state-court criminal proceeding. Moreover, "an officer or investigator cannot rely on a judicial determination of probable cause if that officer knowingly makes false statements and omissions to the judge such that but for these falsities the judge would not have issued the warrant". *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010).

Here the Plaintiff was not convicted in the state-court's criminal proceeding and the Plaintiff has clearly stated in her Complaint that Said Defendants' provided the Assistant County Attorney with fabricated evidence in furtherance of their attempt to cover their unlawful actions and have the case referred to the grand jury so that more time would be allocated to cure their overzealous, willful, malicious, and gross negligent investigation that led to the wrongful arrest of the Plaintiff. (DN 1 — Complaint, ¶¶ 19).

Therefore the doctrine of collateral estoppel does not apply.

Defendants also argue that, pursuant to *Monell v N.Y.C. Dept. of Social Services*, 436 U.S. 658, 694-95 (1978), Plaintiff has failed to state a *Monell* Claim against the

Defendant, Louisville-Jefferson County Metro Government because the Plaintiff's claims are barred by collateral estoppel. (DN 4-1 — Deft's Memorandum, p. 9). As stated above, Plaintiff's claims against the officers are *NOT* barred by the doctrine of collateral estoppel, because the Kentucky Supreme Court has made clear that the application of preclusion must be based on rules of justice and fairness rather than 'an automatic imposition of a doctrine. *Donovan,* at 295. Thus, the Doctrine does not apply and the Plaintiff has clearly alleged underlying constitutional violations in her Complaint.

## **CONCLUSION**

The plaintiff has adequately pled in her Complaint, allegations, which taken as true, would support a claim upon which relief can be granted against the Defendants therefore the Defendants' Motion to Dismiss should be denied.

For the Foregoing reasons, Plaintiff respectfully request this Honorable Court to enter the attached Proposed Order Denying the Defendants' Motion to Dismiss.

Respectfully Submitted by,

/s/ *Shaun A. Wimberly, Sr.*
SHAUN A. WIMBERLY, SR.
Wimberly & Associates, PLLC.
325 West Main Street
Suite 1816
Waterfront Plaza Building
Louisville, KY. 40202
Office: (502) 208-1887
Fax: (502) 208-1858
shaun_wimberly@icloud.com

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

Case No. 3:18-cv-168-CRS                                ELECTRONICALLY FILED

JORIAN STIGALL                                          PLAINTIFF

v.                  **[*PROPOSED*] ORDER**
**DENYING DEFENDANTS' MOTION TO DISMISS FILED BY**
**LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT AND OFFICER JOHN GREEN**

LOUISVILLE JEFFERSON COUNTY
METRO GOVERNMENT, ET AL.,                          DEFENDANTS

---

Plaintiff having filed a Response Motion for Denial of Defendants' Motion To Dismiss Filed By Louisville-Jefferson County Metro Government and Officer John Green, supported by a Memorandum, requesting the Court to dismiss Defendants' said Motion, and the Court having considered the Defendants' Motion and Plaintiff's Motion filed in Opposition of the Defendants' Motion and thereto and being otherwise sufficiently advised; IT IS HEREBY ORDERED that the Defendants' said Motion is DENIED, and all Plaintiff's claims against Defendants are hereby allowed to continue, therefore the Court makes no judgment as their ultimate merit.

This is a final and appealable Order and the Court determines that there is no just cause for delay in the entry of this Denial of Defendants' Summary Judgment.

DATED this _____ day of, _____ 2018.

_____
DISTRICT JUDGE

_____
DATE

Tendered by:

/s/ *Shaun A. Wimberly, Sr.*

Wimberly and Associates, PLLC.

325 West Main Street

Waterfront Plaza, West Wing, Suite 1816

Louisville, Kentucky 40202

shaun_wimberly@icloud.com

Office: 502-208-1887

Fax: 502-208-1858

*Counsel for Plaintiff*