UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CASE ACTION NO. 3:18-CV-168-CRS

**JORIAN STIGALL**                                                                   **PLAINTIFFS**

vs.        **DEFENDANTS' LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT AND GREEN REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**
*electronically filed*

**LOUISVILLE JEFFERSON COUNTY**
**METRO GOVERNMENT,** *et al*                                            **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \*

Comes the Defendants, Louisville/Jefferson County Metro Government ("Metro"), and Officer John Green, by counsel, and in reply to Plaintiff's Response to Defendants' Motion to Dismiss, state as follows:

## INTRODUCTION

Plaintiff's Response to Defendants' Motion to Dismiss (hereinafter, "Response") does not refute Defendant's argument that her claims of negligent/intentional infliction of emotional distress and outrage must be dismissed, that there is no private cause of action for violation of the Kentucky Constitution, or that the state law claims against Metro are barred by the doctrine of sovereign immunity. Therefore, these claims should be dismissed.

As to her § 1983 claims, Plaintiff's Response merely restates the factual "allegations" contained in Plaintiff's Complaint with no real explanation as to how they allegedly set forth support for the Complaint. Further, Plaintiff relies upon *Sykes v. Anderson*, 325 F.3d 294 (6th

Cir. 2010) to argue that Defendants' cannot rely on collateral estoppel because Officers Green and King "provided the Assistant County Attorney with fabricated evidence." (DN05 – Response, p. 10; DN 01 – Complaint, ¶¶ 18 and 19.) As will be explained below, this case is distinguishable from *Sykes* in that the Plaintiff had an opportunity to show the District Court Officers Green and King relied upon fabricated evidence.

## ARGUMENT

### I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

#### 1. Plaintiff's Complaint fails to set forth sufficient factual allegations to state a claim.

Plaintiff's Response to Defendants' Motion to Dismiss merely restates the "factual allegations" contained in the Complaint. (DN05-1 – Response, p. 4-5.) Plaintiff's factual allegations do not assert facts that, if taken as true, create a **fact** pattern that meets the required elements of the causes of action. Rather, Plaintiff's factual allegations are merely conclusory statements of the respective elements with the Defendants as the actors.

For example, as Plaintiff properly points out, "to prevail on a false-arrest claim, Plaintiffs are required to prove by a preponderance of the evidence that the arresting officer or investigator knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that create a falsehood and such statements or omissions were material, or necessary, to the finding of probable cause. *Sykes v. Anderson*, 325 F.3d 294, 305 (6th Cir. 2010)." (DN05-1 – Response, p. 7.) However, Plaintiff's Complaint does not provide facts that, if presumed true, identify the false statements made by Officers Green and King or that those statements were material to the finding of probable cause. Rather, Plaintiff states "Defendants' provided the Assistant County Attorney with fabricated evidence in furtherance of their attempt to cover their

unlawful actions and have the case referred to the grand jury." (DN01 – Complaint, ¶ 19). All Plaintiff has done in put Defendants' names in the "actor" position of conclusory statements of law reciting the elements of a cause of action.

Further, Plaintiff attempts to rely on case law to ask this Honorable Court to "probe deeper and examine the substance of the Complaint." (DN05-1 – Response, p. 3-4, 7.) Plaintiff argues that this Court should not rely "solely on the labels in a Complaint" as the "label which the plaintiff applies in a pleading does not determine the nature of the cause of action which he states." (DN05-1 – Response, p. 3-4.)

A review of the case law cited by Plaintiff finds the cases inapplicable. The scenarios in the cited cases are situations in which the plaintiff labeled a cause of action one thing, but the factual allegations gave rise to a different cause of action. *See*, *Minger v. Green*, 239 F.3d 793 (6th Cir. 2001)(When looking beyond plaintiff's label of negligent misrepresentation at the substance of the allegations, Court found claim was for intentional misrepresentation).

Plaintiff also relies on *U.S. v. Louisville & Nashville R. Co.*, 221 F.2d 698 (6th Cir., 1955) in which the Court stated "the label in which a plaintiff applies to his pleading does not determine the nature of the cause of action." *Louisville & Nashville R. Co.*, 221 F.2d at 701. The issue in *Louisville & Nashville R. Co.* is whether the District Court had jurisdiction because the aggregate amount of the claims was more than the statutorily set limit. *Id.* The plaintiff had set out each shipment as a separate count in the Complaint; however, the Court said this was not a decisive factor as the label applied by the plaintiff does not determine the nature of the case. *Id.* The deciding factor is that each count was founded upon a different contract with different facts applicable to each contract and plaintiff had joined several causes of action in one complaint. *Id.* at 701-02.

Plaintiff's reliance on these cases is improper as Defendants' have not argued Plaintiff stated the wrong causes of action. Rather, Defendants' argue that Plaintiff has not properly pled a cause of action. By asking this honorable Court to "probe deeper and examine the substance of the Complaint," Plaintiff is asking this Court to imagine the facts necessary to support Plaintiff's allegations.

Plaintiff's Complaint should be dismissed for failing to state a claim upon which relief may be granted.

### 2. Plaintiff's claim of a violation of the Fourteenth Amendment Must be dismissed.

If this Court were to find the Plaintiff's Complaint has sufficiently pled facts to support a claim of false arrest and/or malicious prosecution in violation of the Fourth Amendment, her claim of violation of the Fourteenth Amendment must still be dismissed.

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting*, *Baker v. McCollan*, 443 U.S. 137 (1979). The Supreme Court has determined that if a constitutional claim is covered by a specific constitutional provision such as the Fourth Amendment, "the claim must be analyzed under the standard appropriate to that specific provision and not under the rubric of substantive due process." *County of Sacramento v. Lewis*, 523 U.S. 833 (1998). A claim of false arrest – arrest without probable cause – is properly analyzed under the Fourth Amendment. *Manuel v. City of Joliet, Ill.*, 137 S.Ct. 911, 917 (2017).

Plaintiff has also asserted a claim of malicious prosecution in violation of the Fourth and Fourteenth Amendments. (DN1 – Complaint, ¶ 51.) However, the Sixth Circuit does not recognize a malicious prosecution claim under the Fourteenth Amendment having "stated, 'the substantive component of the Fourteenth Amendment's Due Process Clause, 'with its scarce and

open-ended guideposts,' may not serve as the basis for a §1983 malicious prosecution claim.'" *Johnson v. Ward*, 43 F.App'x 779, 782 (6th Cir. 2002) quoting *Darrah v. City of Oak Park*, 255 F.3d 301, 308 (6th Cir. 2001).

Therefore, Plaintiff's claims alleging Fourteenth Amendment violations must be dismissed.

### 3. Plaintiff's claims against Officer Green and Officer King, in their official capacities, must be dismissed.

Plaintiff argues that the official capacity claims against Officers Green and King should be analyzed separately from the claims against Metro "for the sake of clarity." (DN05-1, Response, p. 9.) Even analyzing the claims separately as Plaintiff requests, the official capacity claims against Officers Green and King must be dismissed.

The Court in *Cady v. Arenac County*, 574 F.3d 334 (6th Cir. 2009) noted that "[t]he only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess." *Cady*, 574 F.3d at 342, quoting, *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). The *Cady* Court analyzed the claims separately "for the sake of clarity" because there had been confusion at the lower court as to the immunity defenses available to a county prosecutor. *Id.* The *Cady* Court further recognized that "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*, quoting, *Graham*, 473 U.S. at 166.

There is no confusion in this case. Plaintiff has made allegations against Metro and Officers Green and King, in their official capacity. Metro has sovereign immunity. (*See*, DN04-1, Memorandum, p. 6-7.) Therefore, pursuant to *Graham*, Officers Green and King, in their official capacity, have sovereign immunity.

Plaintiff further argues that Officers Green and King are not entitled to sovereign immunity by quoting *Louisville Metro Department of Corrections v. Tomlinson*, 2014-CA-001096-MR, 2016 WL 1178569 (Ky. App. Mar. 25, 2016)(unpublished).[1] (DN05-1, Response, p. 9.) However, Plaintiff's reliance on *Tomlinson* is misplaced. The quote provided by Plaintiff was actually taken from *Rowan Cnty. v. Sloas*, 201 S.W.3d 469, 475-76 (Ky. 2006), which relied upon *Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001). A proper review of this line of case law shows that the quote provided by Plaintiff was in reference to the applicability of qualified official immunity available to public employees sued in his or her individual capacity. *Sloas*, 201 S.W.3d at 475-76. Therefore, Plaintiff's argument that the official capacity claims against Officers Green and King should not be dismissed is without merit.

## II.   PLAINTIFF'S COMPLAINT IS BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL

Plaintiff argues that her generalized allegation that Officers Green and King "provided the Assistant County Attorney with fabricated evidence" is sufficient to overcome the doctrine of collateral estoppel. (DN05-1 – Response, p. 10.) Support for her argument comes from *Sykes v. Anderson*, 625 F.3d 295, 305 (6th Cir. 2010), where the Court states a judicial determination of probable cause cannot be relied upon if the officer knowingly makes false statements to the judge, without which, the judge would not have found probable cause. However, as explained above, such a generalized allegation of "fabricated evidence" is not sufficient to state a claim and should not be sufficient to overcome collateral estoppel.

Further, arguing at this stage that the officer's evidence for probable cause was fabricated when plaintiff previously had an opportunity to cross-examine the officer and take the stand herself in an effort to discredit their testimony at the preliminary hearing seems to oppose the

---

[1] Plaintiff fails to note in her Response that the case is unpublished.

very principle of the collateral estoppel doctrine. *Hinchman v. Moore*, 312 F.3d 198, 203 (6th Cir. 2002). A state court judge ruling on the presence or absence of probable cause in a criminal action must necessarily take into account the veracity of the officers' statements. *Id.* The *Hinchman* Court found this situation to allow the plaintiff "a second bite at the probable-cause apple, a result that is diametrically opposed to the collateral-estoppel concept." *Id.*

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Honorable Court to grant their Motion to Dismiss.

        Respectfully submitted,

        MICHAEL J. O'CONNELL
        JEFFERSON COUNTY ATTORNEY

        By: s/ Annale E. Renneker
            Annale E. Renneker
            Assistant Jefferson County Attorney
            531 Court Place, Suite 900
            Louisville, KY  40202
            (502) 574-8083
            annale.renneker@louisvilleky.gov
            *Counsel for Defendants Louisville/Jefferson County Metro Government and Officer Green*

## CERTIFICATE

I hereby certify that on June 4, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will automatically send copies to all counsel of record.

        s/ Annale E. Renneker
        Annale E. Renneker