UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JORIAN STIGALL                                                                                    PLAINTIFF

v.                                                                                    NO. 3:18-CV-168-CRS

LOUISVILLE JEFFERSON COUNTY
METRO GOVERNMENT, ET AL.                                                          DEFENDANTS

**MEMORANDUM OPINION**

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. (DN 4). Plaintiff has filed a response (DN 5), to which Defendants replied (DN 6). Fully briefed, the matter is now ripe for adjudication. For the reasons set forth below, the Court will **GRANT** in part and **DENY** in part Defendants' Motion to Dismiss (DN 4).

**II. STATEMENT OF FACTS AND CLAIMS**

This is a civil rights action brought under 42 U.S.C. § 1983, with pendent state law claims. (Comp., DN 1). Plaintiff Jorian Stigall ("Plaintiff") asserts that on March 23, 2017, two police officers of the Louisville Metro Police Department, Defendant Officer John Green ("Green") and Defendant Officer Mary King ("King") (collectively, "the Officer Defendants"), falsely arrested her. (Compl. ¶¶ 14, 63, DN 1). Plaintiff claims that on March 23, 2017, the Officer Defendants called Plaintiff and her roommate to request a meeting. (Compl. ¶ 13). Plaintiff agreed to meet the Officer Defendants at her residence and later agreed to travel to the police station for further questioning. (Compl. ¶ 13). The Officer Defendants "badgered and tormented the Plaintiff during the entire investigation" and when the Officer Defendants "were not satisfied with the answers of

1

the Plaintiff, they concluded … that the Plaintiff was involved in a physical altercation with a person, where the Plaintiff and along with several other suspects jumped the person whom was the sister of the alleged victim in which the [Officer] Defendants assert that the Plaintiff assaulted." (Compl. ¶ 13). The Court notes that this language is taken directly from Plaintiff's Complaint. Although it lacks the grammatical correctness and clarity that is expected of lawyers practicing before this Court, we will assume Plaintiff alleges that the Officer Defendants concluded Plaintiff assaulted another person.

On April 11, 2017, the Jefferson County District Court held a preliminary hearing where the Officer Defendants "provided the Assistant County Attorney with fabricated evidence" to have the case referred to the grand jury. (Compl. ¶ 18-19). The Jefferson County District Court determined that probable cause existed for the charge of Complicity to Assault – 2nd Degree and referred the case to the grand jury. (Compl. ¶ 20). On June 27, 2017, the grand jury returned a No True Bill against Plaintiff, and the charges were dismissed in favor of the Plaintiff. (Compl. ¶¶ 21-22).

Subsequently, Plaintiff sued the Officer Defendants in their individual and official capacities, as well as the Louisville Jefferson County Metro Government ("Louisville Metro") (collectively, "Defendants"), alleging false arrest by the Officer Defendants under § 1983 (Count I); malicious prosecution by the Officer Defendants under § 1983 (Count II); municipal liability against Louisville Metro under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) (Count III); false imprisonment by the Officer Defendants under state law (Count IV); negligent/intentional infliction of emotional distress and outrageous conduct by Defendants under state law (Count V); and malicious prosecution by Defendants under state law (Count VI).

## III. LEGAL STANDARD

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678 (internal quotation marks and citation omitted).

## IV. DISCUSSION

Defendants[1] seek dismissal on several grounds. First, Defendants argue that dismissal is appropriate because Plaintiff has failed to plead sufficient facts to state a plausible claim for relief. Second, Defendants contend that Plaintiff's state law claims against Louisville Metro and claims against Officer Defendants in their official capacities are barred by the doctrine of sovereign immunity. Third, Defendants assert that Plaintiff's Complaint is barred by collateral estoppel. The Court will address each of these arguments in turn.

---

[1] King has not yet been served with this lawsuit. Defendants contend, however, that the claims against King should be dismissed for the same reasons the claims against Green should be dismissed. (Defs.' Mem. Supp. Mot. to Dismiss, DN 4-1, at 1).

## Collateral Estoppel

Defendants contend that Plaintiff's Complaint is barred by the doctrine of collateral estoppel because Plaintiff had a full and fair opportunity to litigate the issue of probable cause at her preliminary hearing. (Defs.' Mem. Supp. Mot. to Dismiss, DN 4-1, at 7-9). "The Supreme Court has held that issues decided in a state-court criminal proceeding are entitled to preclusive effect in a subsequent federal § 1983 suit to the extent provided by the law of preclusion in the state where the judgment was rendered." *Donovan v. Thames*, 105 F.3d 291, 293–94 (6th Cir. 1997) (citing *Allen v. McCurry*, 449 U.S. 90, 102 (1980)). In *Donovan*, the Sixth Circuit noted:

> Under Kentucky law, res judicata, or claim preclusion may be used to preclude entire claims that were brought or should have been brought in a prior action, while the doctrine of collateral estoppel [or issue preclusion] only applies to issues actually litigated. Moreover, Kentucky has approved the use of non-mutual collateral estoppel, i.e., issue preclusion may apply against a party to a prior suit even though the parties in the subsequent law suit are not identical to the parties in the prior action.

*Donovan*, 105 F.3d at 295 (internal citations omitted).

Issue preclusion "prohibits issues which were adjudicated in a previous lawsuit from being relitigated in a subsequent lawsuit." *Miller v. Admin. Office of Courts*, 361 S.W.3d 867, 871 (Ky. 2011). "The rule contemplates that the court in which [issue preclusion] is asserted shall inquire whether the judgment in the former action was in fact rendered under such conditions that the party against whom [issue preclusion] is pleaded had a realistically full and fair opportunity to present the case." *Id.* at 872. (quoting *Moore v. Commonwealth*, 954 S.W.2d 317, 319 (Ky. 1997)).

The Court cannot conclude that Plaintiff had a full and fair opportunity to litigate the issue of probable cause at the preliminary hearing on April 11, 2017. Defendants contend that, because a preliminary hearing was held in which the Jefferson County District Court determined that probable cause existed for the charge of Complicity to Assault – 2nd Degree, Plaintiff is precluded

from relitigating the issue of probable cause. (Defs.' Mem. Supp. Mot. to Dismiss, at 9). Defendant further states that "Plaintiff's counsel, the same counsel now representing Plaintiff had a full and fair opportunity to litigate whether probable cause existed." (Defs.' Mem. Supp. Mot. to Dismiss, at 9). However, there is nothing to indicate "what facts were presented, what evidence was considered by the state court, or on what basis that court found probable cause." *United States v. Jimenez*, No. 5:13-CR-00045-TBR-1, 2014 WL 2816018, at *4 n.3 (W.D. Ky. June 23, 2014), *aff'd*, 654 F. App'x 815 (6th Cir. 2016) (declining to hold "that a probable cause determination at a postarrest preliminary hearing was sufficient to satisfy the requirements for preclusion of that issue under Kentucky law"). Accordingly, the Court will decline to grant Defendants' Motion to Dismiss on that basis.

**Claims against Officer Defendants**

The Complaint asserts federal and state law claims against the Officer Defendants in their official and individual capacities. These claims against the Officer Defendants in their official capacities are equivalent to claims asserted directly against Louisville Metro. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)); *See also Greene v. Commonwealth*, 349 S.W.3d 892, 903 (Ky. 2011). This Court will, therefore, dismiss the official capacity claims against the Officer Defendants since Louisville Metro is already a party. *See Doe v. Claiborne Cnty., Tenn.*, 103 F.3d 495, 509 (6th Cir. 1996) (affirming district court's dismissal of official-capacity claims); *Baar v. Jefferson County Bd. Of Educ.*, 686 F. Supp. 2d 699, 704 (W.D. Ky. 2010) (noting that courts in the Eastern and Western Districts of Kentucky have adopted the practical approach of dismissing official capacity claims).

A. Section 1983 Claims

To state a claim under Section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged violation was committed by a person acting under color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (internal quotation marks and citation omitted). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The Court will, therefore, identify the constitutional right allegedly infringed in each of Plaintiff's § 1983 claims and then address whether Plaintiff adequately pleads facts sufficient for each claim.

    i. False Arrest (Count I)

Plaintiff's first cause of action is for Fourth and Fourteenth Amendment violations under § 1983. Specifically, Plaintiff alleges that the Officer Defendants "were acting under color of state law when they committed the mentioned actions…without reasonable or probable cause and with deliberate indifference to the rights of Plaintiff." (Compl. ¶ 43). It appears Plaintiff is attempting to allege a claim of false arrest in violation of the Fourth and Fourteenth Amendments. Elsewhere in the Complaint, Plaintiff states that "[o]n or about March 24, 2017, the [Officer Defendants] acting under color of the laws … of Kentucky … unlawfully charged Plaintiff" and "[t]hereafter, Plaintiff was falsely and improperly arrested and prosecuted in violation of Plaintiff's Constitutional rights" under §1983 and the Fourth and Fourteenth Amendments. (Compl. ¶¶ 6-7). The Court will conduct its analysis under the assumption that Plaintiff intended to bring a claim of false arrest under §1983 and the Fourth and Fourteenth Amendments. *See Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001) (Federal Rule of Civil Procedure 8(f) "directs courts to

6

construe pleading liberally within the standards of the notice-pleading regime mandated by the Federal Rules of Civil Procedure").

Plaintiff's Complaint relies on both the Fourth and Fourteenth Amendments. As Defendants point out in the Motion to Dismiss, Plaintiff's false arrest claim under § 1983 is governed by the Fourth Amendment. "[W]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (internal quotation marks and citation omitted). The federal constitutional right implicated when a plaintiff brings a false arrest claim under § 1983 "is the Fourth Amendment right to be arrested only upon probable cause." *Crockett v. Cumberland College*, 316 F.3d 571, 579–80 (6th Cir. 2003) (citing *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (finding that a § 1983 claim for wrongful arrest turns on whether the officer had probable cause under the Fourth Amendment)). Consequently, Plaintiff's Fourteenth Amendment claim fails as a matter of law.

To prevail on a false arrest claim under federal law, a plaintiff must "prove that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005); *see also Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010); *Criss v. City of Kent,* 867 F.2d 259, 262 (6th Cir. 1988) ("[A]rrest without a warrant does not violate the Fourth Amendment if probable cause exists for the arresting officer's belief that a suspect has violated or is violating the law."). "Probable cause to make an arrest exists if the facts and circumstances within the arresting officer's knowledge were sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense." *Pyles*, 60 F.3d at 1215 (quoting *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964)) (internal quotation marks omitted).

7

"If the officer's statement 'consists of nothing more than the complainant's conclusion that the individuals named ... perpetrated the offense described,' without any 'operative fact[s]' demonstrating the basis for that conclusion, the statement is insufficient." *Beckham v. City of Euclid*, 689 F. App'x 409, 415 (6th Cir. 2017) (quoting *Whiteley v. Warden*, 401 U.S. 560, 565 (1971)); *see also Graves v. Mahoning Cnty.*, 821 F.3d 772, 775 (6th Cir. 2016) (statements that "consist only of the officers' bare conclusions that the accused committed the offenses" do not supply enough information for a probable cause determination) (brackets omitted).

Under these principles and construing the allegations in the complaint in a light most favorable to the Plaintiff, the Court finds that Plaintiff has, at this stage, stated colorable Fourth Amendment claims against the Officer Defendants. In their Motion to Dismiss, Defendants attempt to summarize the paucity of factual allegations "which can be ascertained from the Complaint." (Defs.' Mem. Supp. Mot. to Dismiss, at 3). However, in their summary, Defendants omit Plaintiff's key allegation, albeit poorly written, that saves her § 1983 claim for false arrest. The Complaint states:

> In support of their overzealous actions, thus the wrongful arrest of the Plaintiff, [the Officer Defendants] stated that the alleged victim jumped in the fight that occurred at the resident [sic] of the Plaintiff to help her sister and as a result the alleged victim was attacked and was allegedly stomped by the Plaintiff, thus causing the alleged victim severe injury in which the said victim had to have surgery for a fractured leg.

(Compl. ¶ 15).[2] Taking Plaintiff's allegations as true, the Officer Defendants statement included no explanation for the basis of their conclusion that Plaintiff committed the assault, and amounted to nothing more than the Officer Defendants' "bare conclusion[] that [Plaintiff] committed the offense[]." *Graves*, 821 F.3d at 775. Because Plaintiff stated a plausible claim that her arrest was

---

[2] The Court notes, again, that this language is lifted directly from Plaintiff's Complaint.

8

unsupported by probable cause, she has alleged a violation of a clearly established constitutional right. Accordingly, the Defendants' Motion to Dismiss will be **DENIED** with respect to Count I.

    ii.    <u>Malicious Prosecution (Count II)</u>

Second, Plaintiff claims that the Officer Defendants "knowingly or recklessly provid[ed] materially false, misleading and incomplete information, and/or omitt[ed] material information, to the prosecuting agencies for the purpose of having Plaintiff prosecuted" and "were the moving force behind the criminal prosecution … against the Plaintiff." (Compl. ¶ 48). Plaintiff again relies on both the Fourth and Fourteenth Amendments. (Compl. ¶ 51). However, the right to be free from malicious prosecution "must be asserted according to the Fourth Amendment." *Spurlock v. Satterfield*, 167 F.3d 995, 1006 n.19 (6th Cir. 1999). The Sixth Circuit has stated, "the substantive component of the Fourteenth Amendment's Due Process Clause, 'with its scarce and open-ended guideposts,' may not serve as the basis for a § 1983 malicious prosecution claim." *Johnson v. Ward*, 43 F. App'x 779, 782 (6th Cir. 2002) (quoting *Darrah v. City of Oak Park*, 255 F.3d 301, 308 (6th Cir. 2001)). Accordingly, Plaintiff's Fourteenth Amendment claim fails as a matter of law.

To prevail on a § 1983 malicious prosecution claim premised on a violation of the Fourth Amendment, a plaintiff must prove four things: (1) the defendant made, influenced, or participated in the decision to prosecute the plaintiff; (2) there was a lack of probable cause for the prosecution; (3) as a consequence of the prosecution, the plaintiff suffered a deprivation of liberty, as understood in Fourth Amendment jurisprudence, apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010) (citations omitted).

To hold the Officer Defendants liable for malicious prosecution, the Complaint "must plausibly allege" that the Defendants "made, influenced, or participated in the decision to prosecute." *Sykes*, 625 F.3d at 308 (internal citation and quotation marks omitted). "The officer must participate in a way that aids in the decision [to prosecute], as opposed to passively or neutrally participating." *Id.* at 308 n.5. For example, an officer participates in a decision to prosecute when he or she testifies falsely at a preliminary hearing and the false statements were material to the finding of probable cause, or where the officer provides false statements to the prosecutor. *Id.* at 312–17. Plaintiff alleges that the Officer Defendants provided "fabricated evidence" to the Assistant County Attorney and presented "fabricated testimony" at Plaintiff's preliminary hearing which led the Jefferson County District Court to find probable cause existed for the charge of Complicity to Assault – 2nd Degree. (Compl. ¶¶ 18-20). However, Plaintiff fails to support these "naked assertion[s]" without "factual enhancement." *Ashcroft*, 556 U.S. at 678 (internal citation and quotation marks omitted). For example, Plaintiff does not identify the false statements made by the Officer Defendants or state what evidence the Officer Defendants fabricated. Even construing the allegations in Plaintiff's favor, these claims are vague and conclusory and do not state any facts demonstrating a constitutional deprivation. Mere conclusions are not sufficient to support a civil rights action. *See Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971); *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1971). Accordingly, Defendants' Motion to Dismiss will be **GRANTED** with respect to Count II.

B. State Law Claims

Counts IV-VI of Plaintiff's Complaint alleges that the Officer Defendants are liable for false imprisonment, negligent/intentional infliction of emotional distress and outrageous conduct, and malicious prosecution under Kentucky law.

i. False Imprisonment (Count IV)

Count IV alleges that the Officer Defendants "knowingly and maliciously filed Arrest Complaint [sic] based on false or materially incomplete information about Plaintiff…" and "caused Plaintiff to be arrested on those false charges." (Compl. ¶¶ 62-63). False imprisonment is defined as "any deprivation of the liberty of one person by another or detention for however short a time without such person's consent and against [her] will, whether done by actual violence, threats or otherwise." *Banks v. Fritsch*, 39 S.W.3d 474, 479 (Ky. App. 2001). To qualify as false imprisonment, the restraint must be "wrongful, improper, or without a claim of reasonable justification, authority or privilege." *Id.* "A law enforcement officer is liable for false imprisonment unless he or she enjoys a privilege or immunity to detain an individual." *Dunn v. Felty*, 226 S.W.3d 68, 71 (Ky. 2007) (citation omitted). "Two common examples of a law enforcement officer's privilege to detain an individual are (1) an arrest pursuant to a warrant or (2) an arrest without a warrant in which the officer has probable cause, that is, reasonable objective grounds to believe that a crime was committed and that the plaintiff committed it." *Id.* (citation omitted). As discussed *supra*, Plaintiff alleged facts that, if true, state a plausible claim that her arrest was unsupported by probable cause. Therefore, Defendants' Motion to Dismiss will be **DENIED** with respect to Count IV.

ii. Negligent/Intentional Infliction of Emotional Distress & Outrageous Conduct (Count V)

Count V alleges that Defendants engaged in "negligent infliction of emotional distress, intentional infliction of emotional distress, and outrageous conduct … by causing Plaintiff to be unlawfully detained, arrested, prosecuted … by … maliciously withholding exculpatory evidence and by falsely and maliciously alleging and claiming that Plaintiff committed the crime charged." (Compl. ¶ 73). Defendants argue that this claim must be dismissed because Plaintiff has alleged

Defendants committed the traditional torts of malicious prosecution and false imprisonment. (Defs.' Mem. Supp. Mot. to Dismiss, DN 4-1, at 6). Plaintiff does not refute this in her Response (DN 5).

Under Kentucky law, a plaintiff cannot prevail on a claim for emotional distress where she has redress for emotional damages through a traditional tort unless the defendant's conduct was "intended only to cause the victim emotional distress." *Childers v. Geile*, 367 S.W.3d 576, 582 (Ky. 2012) (quoting *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 299 (Ky. Ct. App. 1993)). Traditional tort claims that provide for the recovery of emotional distress damages, such as false imprisonment and malicious prosecution are available to Plaintiff. *See Banks v. Fritsch*, 39 S.W.3d 474, 481 (Ky. Ct. App. 2001). Accordingly, Plaintiff's claim cannot survive because she does not allege that the Officer Defendants' actions were "solely intended to cause extreme emotional distress." *Green v. Floyd Cty., Ky.*, 803 F. Supp. 2d 652, 655 (E.D. Ky. 2011). Therefore, Defendants' Motion to Dismiss will be **GRANTED** with respect to Count V.

iii. <u>Malicious Prosecution (Count VI)</u>

Count VI alleges that Defendants "were the moving force behind the criminal prosecution" against Plaintiff by "knowingly or recklessly providing materially false, misleading and incomplete information, and/or omitting material information to the prosecuting agencies." (Compl. ¶ 76).

Under Kentucky law, a plaintiff must prove the following elements to prevail on a malicious prosecution claim against an officer:

> (1) the institution or continuation of original judicial proceedings ... (2) by, or at the instance, of the [officer], (3) the termination of such proceedings in [plaintiff's] favor, (4) malice in the institution of such proceeding, (5) want or lack of probable cause for the proceedings, and (6) the suffering of damage as a result of the proceeding.

*Phat's Bar & Grill v. Louisville Jefferson Cnty. Metro Gov't.*, 918 F. Supp. 2d 654, 664 (W.D. Ky. 2013) (citing *Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981)). The Court held *supra* that Plaintiff failed to adequately plead her § 1983 malicious prosecution claim because there were no facts to suggest the Officer Defendants made, influenced, or participated in the decision to prosecute Plaintiff beyond her initial arrest. However, the Court must conduct a separate inquiry here because the standard for "instituting judicial proceedings" is different under Kentucky law.

In Kentucky, "[a] wide variety of conduct may constitute the institution … of proceedings" including "the actual arrest of a person." *Id.* (quoting *Johnson v. St. Claire Med. Ctr., Inc.*, 2003 WL 22149386, at *2 (Ky. Ct. App. Sept. 19, 2003)) (internal quotation marks omitted). Thus, the facts surrounding Plaintiff's arrest are relevant to determine whether Plaintiff has adequately pled malicious prosecution under Kentucky law. The Complaint alleges the Officer Defendants filed an arrest complaint based on false information and caused Plaintiff to be arrested on those charges. (Compl. ¶¶ 62-63). These allegations are sufficient at this stage to meet the first element of malicious prosecution under Kentucky law. *See Horn v. City of Covington*, No. CIV.A. 14-73-DLB-CJS, 2015 WL 4042154, at *11 (E.D. Ky. July 1, 2015) (allegation that officer arrested plaintiff was sufficient to show institution of judicial proceedings). Plaintiff also sufficiently alleges a lack of probable cause for her arrest as discussed *supra*. And "malice can be inferred from a lack of probable cause." *Phat's Bar & Grill*, 918 F. Supp. 2d at 665 (quoting *Massey v. McKinley*, 690 S.W.2d 131, 134 (Ky. 1985)) (internal quotation marks omitted). Plaintiff has maintained that she was innocent of the charges, and the grand jury returned a No True Bill in Plaintiff's favor. (Compl. ¶¶ 21-22, 76). Finally, Plaintiff has alleged damages, including loss of business relations, earnings, and mental pain and suffering. (Compl. ¶ 39-40). At this stage,

Plaintiff has stated a plausible claim for malicious prosecution under Kentucky law. Defendants' Motion to Dismiss will therefore be **DENIED** with respect to Count VI.

**Claims against Louisville Metro**

Plaintiff's Complaint asserts claims against Louisville Metro under both state and federal law. The Court will address the state law claims first, followed by the § 1983 claim.

A. <u>State Law Claims (Counts V and VI)</u>

Plaintiff asserts claims against Louisville Metro for negligent/intentional infliction of emotional distress and outrageous conduct and malicious prosecution under Kentucky common law. Louisville Metro argues that it is protected against any state law claims under the doctrine of sovereign immunity. Plaintiff does not refute this in their response. *See Schwindel v. Meade Cty.*, 113 S.W.3d 159, 163 (Ky. 2003) ("A county government is cloaked with sovereign immunity."). Accordingly, Defendants' motion to dismiss Counts V and VI against Louisville Metro will be **GRANTED**.

B. *Monell* <u>Claim (Count III)</u>

Count III of Plaintiff's Complaint seeks to hold Louisville Metro liable for the alleged deprivation of Plaintiff's constitutional rights pursuant to § 1983. A plaintiff raising a municipal liability claim under § 1983 "must allege an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [ ] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels.'" *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)) (alteration in original). "Accordingly, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must adequately plead (1) that a violation of a

federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen. *Bright v. Gallia Cty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) (citing *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008)).

Plaintiff seeks to hold Louisville Metro for its policies and/or customs that caused a violation of Plaintiff's federal right against (1) false arrest and (2) false prosecution. Specifically, the Complaint alleges that Louisville Metro's "failure to properly train and supervise its police officers … were the moving forces and causes of violations of Plaintiff's Constitutional rights" by implementing the following:

(a) The policy, practice and/or custom of using trickery, duress, fabrication and/or false testimony or evidence, and/or in failing to provide exculpatory evidence, in preparing and presenting evidence for use in criminal proceedings causing an interference with Plaintiff's Constitutional right to be free of false prosecution;

(b) … a policy, practice and/or custom of inadequate training, and/or by failing to train its officers, agents and employees, in providing the Constitutional protections guaranteed to individuals, including those under the Fourth (4th) and Fourteenth (14th) Amendments, when performing actions related to warrantless arrests without probable cause and criminal proceedings

(Compl. ¶ 55(a)-(b)). Because this Court has held that Plaintiff failed to plead sufficient facts that would support a finding that the Officer Defendants violated Plaintiff's constitutional right to be free from false prosecution, there can be no claim for municipal liability for such deprivation. *See Bright*, 753 F.3d at 660 (affirming dismissal of *Monell* claim where plaintiff failed to plead sufficient facts that would support a finding of a violation of plaintiff's constitutional rights).

This leaves only Plaintiff's *Monell* claim that seeks to hold Louisville Metro liable for the violation of Plaintiff's constitutional right to be free from false arrest. Count III does seek to hold Louisville Metro liable for the violations of Plaintiff's constitutional rights that were caused by Louisville Metro's "policy, practice, and or custom." (Compl. ¶ 55(b)). However, the Complaint fails to state what those policies or customs were. The Complaint suggests these policies or

15

customs were related to the "inadequate training" of Louisville Metro's officers "in providing the Constitutional protections guaranteed to individuals … when performing actions related to warrantless arrests without probable cause." (Compl. ¶ 55(b)). Yet Plainitff's Complaint "contains no factual content upon which the Court could find that the plaintiffs are plausibly entitled to relief, such as what these policies or customs regarding training and supervision were, why they were inadequate, and how they contributed to the violation of [Plaintiff's] constitutional rights." *Phillips v. PTS of Am.*, LLC, No. 3:17-CV-00603-JHM, 2017 WL 4582801, at *2 (W.D. Ky. Oct. 13, 2017).

District courts within the Sixth Circuit have concluded that "[p]laintiffs are in fact required to identify the practice or policy that forms the basis of their claim." *Ghaster v. City of Rocky River*, No. 1:09-cv-2080, 2010 WL 2802685, at *7 (N.D. Ohio May 12, 2010). *See also Vidal v. Lexington Fayette Urban Cty. Gov.*, 2014 WL 4418113, at *3 (E.D. Ky. Sep. 8, 2014) ("[A] complaint must contain more than bare statements that the alleged constitutional violation was caused by a policy or custom to survive a motion to dismiss."); *Kustes v. Lexington-Fayette Urban Cty. Gov.*, Civil Action No. 5:12-323, 2013 WL 4776343, at *5 (E.D. Ky. Sep. 3, 2013) ("The Plaintiff must describe what the official custom or policy was and describe how it was violated."); *Hutchison v. Met. Gov. of Nashville and Davidson Cty.*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010) (dismissing *Monell* claim where plaintiff failed to "include any facts related to a municipal policy on probable cause… or a municipal custom, policy or practice"). Under this pleading standard, the Complaint fails to state a claim for municipal liability under § 1983. Therefore, Defendants' Motion to Dismiss Count III will be **GRANTED**.

## V. CONCLUSION

For the reasons discussed herein, the Court will grant in part and deny in part Defendants' Motion to Dismiss by a separate order entered this date.

October 3, 2018

Charles R. Simpson III, Senior Judge
United States District Court