UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00168-DJH

**JORIAN STIGALL**                                                                                                        **PLAINTIFF**

**VS.**

**OFFICER JOHN GREEN, et al.**                                                                              **DEFENDANTS**

### REPORT AND RECOMMENDATION

Plaintiff Jorian Stigall ("Plaintiff") has filed a Motion for Leave to Amend her Complaint and renew a claim solely against Officer John Green ("Officer Green"). (DN 71). Officer Green has responded. (DN 76). The time for Plaintiff to file a reply has expired. The District Judge has referred the motion to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. (DN 83).

### I. Findings of Fact

This § 1983 action stems from Plaintiff Jorian Stigall's arrest on March 23, 2017. (DN 1). On that day, officers John Green ("Officer Green") and Mary King (collectively, "Officer Defendants") went to Plaintiff's home to investigate a reported fight. (DN 1, at PageID # 3). After some questioning by Officer Defendants, Plaintiff and her roommate agreed to go to the police station. (*Id.*, at PageID # 6). Once at the station, Plaintiff alleges "[w]hen [Officer Defendants] were not satisfied with the answers of the Plaintiff, they concluded in a conscious and voluntary disregard of the Plaintiff's Constitutional rights that the Plaintiff was involved with a physical altercation with a person." (*Id.*).

When the Jefferson County District Court later held a preliminary hearing on the matter, Plaintiff alleges the Officer Defendants "provided the Assistant County Attorney with fabricated

evidence" to move the case forward, and the state court concluded, based on the allegedly false information, probable cause existed to refer a charge of Complicity to Assault – 2nd Degree to the grand jury. (*Id.*). Ultimately, the grand jury returned a No True Bill, and the court dismissed the charges. (*Id.*)

Following the dismissal of criminal charges, Plaintiff filed the instant civil suit against the Louisville Jefferson County Metro Government ("Louisville Metro") and Officer Defendants. (*Id.*) The original complaint contained six counts: Count I, false arrest by Officer Defendants under § 1983; Count 2, malicious prosecution by Officer Defendants under § 1983; Count 3, municipal liability against Louisville Metro under *Monnell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978); Count IV, false imprisonment by Officer Defendants under Kentucky law; Count V, negligent or intentional infliction of emotional distress and outrageous conduct by Louisville Metro and Officer Defendants under Kentucky law; and Count VI, malicious prosecution by Louisville Metro and Officer Defendants under Kentucky law. (DN 1).

Defendants filed a Motion to Dismiss (DN 4), which this Court granted in part on October 3, 2018. (DN 7). Only Count I and Count IV survived in their entirety, as well as Count VI as to Officer Defendants. (DN 7). The Court dismissed Counts II, III, and V in their entirety as well as Count VI as to Louisville Metro. (DN 7). Important for the present motion, Plaintiff alleged in Count II that Officer Defendants provided "fabricated evidence" and presented "fabricated testimony" which, together, led the state court to find probable cause. (*Id.*, at PageID # 82). However, the Court dismissed Count II for being overly vague because Plaintiff could not specifically identify the Officer Defendants' allegedly false statements or fabricated evidence. (*Id.*).

This Court set January 15, 2020, as the deadline for amended pleadings and December 22, 2021, as the deadline for fact discovery. (DN 20; DN 58). In December 2021, after this Court dismissed Count II, the Commonwealth of Kentucky indicted Officer Green for two counts of Perjury in the First Degree for making materially false statements in both the Plaintiff's criminal preliminary hearing and grand jury proceeding. (DN 71-5, at 1043). Also during December, Plaintiff deposed both Officer Green and Officer King. (DN 71-5, at PageID # 1051–52). From the indictment and depositions of Officer Defendants, Plaintiff learned key details about Officer Green's testimony at the preliminary and grand jury hearings. (*Id.*).

Presently, Plaintiff seeks leave to amend her complaint to include facts and allegations that will revive Count II's malicious prosecution charge under federal law as to Officer Green. (DN 71). Plaintiff believes her amended complaint, filed on February 10, 2022, would add color to the previously deficient Count II, as it now identifies specific false statements made by Officer Green. (DN 71-4, at PageID # 1027–30). Officer Green filed a response in opposition. (DN 76).[1]

## II. Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure states, following a responsive pleading, a party may only amend their complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts take a permissive approach to granting leave, freely giving it "when justice so requires." *Id.* As such, courts should grant leave to amend so long as there is no showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previous amendments, undue prejudice to opposing party by virtue of allowance of the amendment, futility of amendment," or any other issue. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Ultimately, "[i]f the underlying facts or circumstances relied upon by a plaintiff

---

[1] Officer King is not implicated in the amended complaint's § 1983 claim. (DN 71-4).

may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.*

### III. Analysis

Officer Green argues the Court should deny Plaintiff's Motion to Amend for four reasons. (DN 76, at PageID # 2006–09). He argues the Court's scheduling order time bars the amendment. (*Id.*, at PageID # 2007). He also contends Plaintiff unduly delayed in filing such amendment. (*Id.*, at PageID # 2008–09). Additionally, he argues the amendment would unduly prejudice the Defendants because discovery has ended. (*Id.*, at PageID # 2008). Finally, he contends the amendment would be futile in that it would revive a claim this Court has already dismissed. (*Id.*, at PageID # 2007). The Court will address each contention in turn.

### A. Time bar

Defendant argues the Court's scheduling orders bar Plaintiff's proposed amendment. (DN 76, at PageID # 2007). Specifically, Defendant states this amendment comes four years after the original filing and twenty-five months after the January 15, 2020 deadline for amendment of pleadings. (*Id.*).

When a party seeks to amend a pleading after an established deadline, the scheduling order must first be amended pursuant to Rule 16(b). *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). The federal rules committee designed Rule 16 to ensure "at some point both the parties and the pleadings will be fixed." *Zwick Partners, LP v. Quorum Health Corp.*, 394 F. Supp 3d 804, 812–13 (M.D. Tenn. Aug. 2, 2019) (citing Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment). Rule 16(b)(4) allows a party to modify the scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Sixth Circuit has directed courts to primarily consider "the

4

moving party's diligence in attempting to meet the [scheduling] order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

Plaintiff, as part of her motion to amend pursuant to Rule 15(a)(2), also seeks to adjust the scheduling order to allow for the amended pleading. (DN 71-5, at PageID # 1048–49). This motion comes over two years after the scheduling order's deadline for amended pleadings. (DN 20).[2] Regardless, Plaintiff has attempted to be diligent in meeting the scheduling order's requirements. Plaintiff did not wait to assert the claim until this late stage of the suit; she included this claim in her initial complaint, and the Court dismissed it for lacking particularity. Further, the facts now offered in the amended complaint were not available to Plaintiff at the time this Court dismissed the claim; instead, these facts became available to Plaintiff in December 2021—within two months of her filing this motion. This Court finds good cause exists to adjust the scheduling order and to allow for an amendment of the complaint.

## B. Undue delay

According to Plaintiff, the information added in the proposed amended complaint results from the state court indictment of Officer Green and Officer Green's deposition testimony—both of which occurred in December 2021. (DN 71-5, at PageID # 1051–52). Because she filed her motion within two months of these events, Plaintiff argues there was no undue delay. (*Id.*) Officer Green contends Plaintiff waited too long to make this amendment.[3] (DN 76, at PageID # 2008–09).

---

[2] Plaintiff argues that the pandemic and confusions around deadline for amending pleadings led to an indefinite extension of the amended pleadings deadline and the fact discovery deadline, and would have resulted in a December 22, 2021, deadline. (DN 71-5, at PageID # 1047). Regardless, as Plaintiff concedes, this motion comes after the deadline.

[3] Defendant, in his brief filed on March 09, 2022, argues that the "three-month delay is significant." (DN 76, at PageID # 2009). However, Plaintiff filed her motion on February 10, 2022—less than two months after the state court indictment. (DN 71-5).

Courts have found parties acted with undue delay in other cases when the moving party was "obviously aware" of their grounds for moving to amend yet failed to pursue the claim for "many months." *See Leary*, 349 F.3d at 908; *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). However, "'[u]njustified delay alone' [cannot] serve as the basis for denial of [a] motion for leave to amend." *Langley v. Credit Suisse First Boston Corp.*, 89 F. App'x 938, 944 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)).

The plaintiffs in *Leary* moved to amend their complaint for a second time nearly two years after litigation commenced. 349 F.3d at 896. The court denied their motion, which sought to add numerous claims against the defendant that could have been included from the beginning of the suit. *Id.* at 908. The court found because the plaintiffs were aware of the basis for the claim for many months but waited to seek to amend their complaint, the plaintiffs acted with undue delay. *Id.* Similarly, in *Duggins*, the plaintiff sought to bring a new claim against the defendant based on facts available to her from the start of litigation. 195 F.3d at 833–34. In addition to finding prejudice, the court determined the plaintiff acted with undue delay by waiting to file the motion until after the discovery and dispositive motion deadlines had passed when plaintiff could have filed the claim from the start of litigation. *Id.* at 834.

Here, the Court finds Plaintiff did not act with undue delay. Plaintiff used the facts available to her at the time she filed her initial complaint to make out her federal malicious prosecution claim. (DN 1, at PageID # 13–14). Unlike the plaintiffs in *Leary* and *Duggins,* Plaintiff moved this Court for leave to amend within two months of new facts supporting her previously dismissed claim coming to light. (DN 71). While Plaintiff could have acted faster in filing this motion, the Court finds this filing coming in February 2022 rather than December 2021 does not constitute undue delay.

C. Undue prejudice

Plaintiff claims no prejudice results from her amendment because she filed the motion soon after the fact discovery deadline, and, at that time, there were pending discovery disputes before the Court. (DN 71-5, at PageID # 1054). Defendant argues that allowing this amendment would cause undue prejudice because the parties have already conducted discovery and commenced filing dispositive motions. (DN 76, at PageID # 2008).

Normally, a court must find "at least some significant showing of prejudice to the opponent" before denying a motion to amend. *Moore*, 790 F.2d, at 562. However, "[t]he longer the period of unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (internal quotations omitted). To determine if the amendment would prejudice the nonmoving party, courts consider if it would (1) "require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [(2)] significantly delay the resolution of the dispute; or [(3)] prevent the plaintiff from bringing a timely action in another jurisdiction." *Id.* at 663.

In *Moore v. City of Paducah*, the Sixth Circuit reversed the trial court's denial of the plaintiff's motion to amend. 790 F.2d, at 562. There, the plaintiff sought to amend his complaint two years after initially filing it to change only the procedural vehicle through which he sought relief. *Id.* at 558. Critically, his proposed amended complaint did not change the grounds for relief. *Id*. The trial court denied the motion due to delay and resulting "relatively light" prejudice against the defendant. *Id.* at 559. The Sixth Circuit reversed and allowed for the amendment. *Id.* at 562. The appellate court determined "[t]he amended cause of action [was] not so different [from the initial cause of action] as to cause prejudice to the defendants." *Id.* at 561.

Here, the new facts support a federal claim of malicious prosecution—a claim Plaintiff

7

currently already pursues under Kentucky law.[4] Due to this similar state law claim, should the Court give leave for this amendment, the change will not notably expand the scope of discovery or overly complicate either side's ability to obtain a swift final judgment. *Cf. Green v. Platinum Restaurants Mid-America, LLC*, No. 3:14-CV-439-RGJ-RSE, 2021 WL 3928822, at *7 (W.D. Ky Sept. 1, 2021); *Luis v. Lang*, No. 1:12-CV-629, 2017 WL 1154037, at *8 (S.D. Ohio Mar 28, 2017). Instead, the discovery the parties have already conducted regarding the state malicious prosecution claim overlaps significantly with any discovery relevant to the federal malicious prosecution claim. As such, this Court finds allowing Plaintiff leave to amend the complaint will not result in undue prejudice.

## D. Futility

Defendant argues the amendment attempts to revive a dismissed claim and thus is futile. (DN 76, at PageID # 2006–07). This Court previously dismissed Plaintiff's § 1983 claim regarding malicious prosecution for failing to allege sufficient facts. (DN 7). Now, Plaintiff's proposed amendment resuscitates this previously dismissed claim and buttresses it with previously unknown facts regarding Defendant Green's testimony at the preliminary hearing.

Often, courts find a proposed amendment futile when it fails to state a claim for which relief can be granted. *See, e.g., Neighborhood Dev. Corp. v. Advisory Counsil on Historic Pres., Dep't of Hous. & Urban Dev., City of Louisville*, 632 F.2d 21, 23 (6th Cir. 1980) ("It is well settled that the district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss."); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss"). This holds true for the case Defendant cites in

---

[4] The state law malicious prosecution claim survived the Defendants' motion to dismiss because Kentucky law presents a different standard than the federal claim. (DN 7, at PageID # 85).

support of his argument that Plaintiff's amendment would be futile. *See Hahn v. Star Bank*, 190 F.3d 708, 720 (6th Cir. 1990) (denying a motion to amend for failing to allege the necessary elements of the claim).

This Court previously dismissed the federal malicious prosecution charge for being fatally "vague and conclusory" and "not stat[ing] any facts demonstrating a constitutional deprivation." (DN 7, at PageID # 82). Specifically, this Court took issue with Plaintiff's unsupported allegation that Officer Defendants provided "fabricated evidence" to the prosecutor and presented "fabricated testimony" at the preliminary hearing. (*Id.*). The Court highlighted "Plaintiff does not identify the false statements made by the Officer Defendants or state what evidence the Officer Defendants fabricated." (*Id.*). Due to those gaps in the complaint, the Court dismissed the federal law malicious prosecution allegation. (*Id.*).

Now, Plaintiff offers facts to fill in the gaps missing from her initial complaint. The amended complaint explicitly identifies the untruthful portions of Officer Green's testimony at the preliminary and grand jury hearings. (DN 71-4, at PageID # 1028–30). By relying on these newfound facts, Plaintiff goes beyond just making conclusory, vague statements and succeeds in presenting a plausible claim under federal law.

The amended complaint sufficiently states a claim upon which the Court could grant relief. By adding new facts, the amended complaint changes the calculus in the initial complaint which led to a dismissal of the federal malicious prosecution allegation. As such, this Court finds giving leave for the amendment would not be futile.

## IV. RECOMMENDATION

For the above-stated reasons, the Court finds good cause exists to allow leave for amend.

**IT IS THEREFORE RECOMMENDED** the Plaintiff's Motion for Leave to Amend (DN 71) be **GRANTED**.

Regina S. Edwards, Magistrate Judge
United States District Court

November 15, 2022

## NOTICE

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.), *aff'd*, 474 U.S. 140 (1984).

Copies:      Counsel